**REED SMITH LLP**
Peter D. Raymond
Wallace Neel
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
THE NAME LLC, a Delaware Limited Liability
Company,

                     Plaintiff,

          -against-

DAVID AMERICO ORTIZ ARIAS a/k/a DAVID
ORTIZ, an individual, ALBANIA ROSA ARIAS
ORTIZ, an individual, and A. ORTIZ C. POR A., a
Dominican Republic corporation,

                     Defendants.
---------------------------------------------------------------x

Case No. 10 CV 3212

COMPLAINT

Plaintiff The Name LLC ("Plaintiff" or "The Company"), through its undersigned attorneys Reed Smith LLP, alleges for its Complaint as follows:

## NATURE OF THE ACTION

1. Plaintiff owns the registered trademarks and service marks "40/40" and "40/40 CLUB" (together, the "40/40 Marks") and has used those marks since 2003 to operate world-famous nightclubs under the name "40/40 Club" in New York, Las Vegas and Atlantic City. Plaintiff brings this action to stop Defendants' brazen and unauthorized attempt to trade on the value and goodwill that Plaintiff has cultivated in the 40/40 Marks, by using Plaintiff's 40/40 Marks on an Internet website to advertise Defendants' unauthorized and infringing nightclub in the Dominican Republic, which Defendants have improperly named "Forty Forty" (hereinafter, the "Infringing Forty/Forty Club"). The infringing website at issue in this action is located on

the Internet at the Uniform Resource Locator http://www.fortyforty.net (the "Infringing Website").

2. Upon information and belief, the Infringing Forty/Forty Club is owned and operated by Defendants David Americo Ortiz Arias ("David Ortiz" or "Defendant"), who is well-known as the designated hitter and sometime-first baseman for the Boston Red Sox baseball club, as well as Defendant Albania Rosa Arias Ortiz ("Albania Ortiz") and Defendant A. Ortiz C. por A (the "Infringing Company" and, together with David Ortiz and Albania Ortiz, "Defendants"), which is a Dominican entity set up by the other two Defendants to operate the Infringing Forty/Forty Club and the Infringing Website.

3. In order to draw attention and clientele to the Infringing Forty/Forty Club in the Dominican Republic, Defendants created the Infringing Website on which they wrongfully use Plaintiff's registered 40/40 Marks. This use of the 40/40 Marks to advertise their Dominican nightclub violates several provisions of the Lanham Act, including the prohibitions on trademark infringement and dilution and the federal Anti-Cybersquatting Protection Act, as well as New York State law.[1]

4. The Infringing Website has caused marketplace confusion and damage to Plaintiff and to the 40/40 Marks around the world since it has resulted in media coverage about the Infringing Forty/Forty Club on international television news outlets, including Univision and

---

[1] The Defendants' unlawful operation of the Dominican nightclub is presently the subject of pending litigation in the Dominican Republic. The instant action is limited to Defendants' unlawful conduct with respect to the Infringing Website.

Telemundo, which reach millions of viewers in the United States, Canada, Mexico, and the Caribbean.

5. Defendants' bad-faith intent to unlawfully trade on the goodwill that Plaintiff has built in the 40/40 Marks is palpable. David Ortiz is fully aware of Plaintiff's Manhattan 40/40 Club, since he had been a patron there on several occasions long before he opened his Infringing Forty/Forty Club and the Infringing Website. Moreover, he and his co-Defendants elected to use an English-language name "Forty/Forty" to operate their club in the Spanish-speaking Dominican Republic. Thus, David Ortiz and his co-Defendants consciously decided to use Plaintiff's 40/40 Marks to trade on the fame and goodwill developed by Plaintiff in its 40/40 Clubs.

6. In simple terms, Defendants are trying to reap where they have not sown by using Plaintiff's 40/40 Marks without permission in connection with the Infringing Website. By so doing, they have violated the Lanham Act and New York law.

**PARTIES**

7. Plaintiff The Name LLC is a Delaware limited liability company with a place of business in this District at 6 West 25th Street in Manhattan. Plaintiff owns common law rights and United States federal registrations in the 40/40 Marks.

8. Defendant David Américo Ortiz Arias ("David Ortiz") is an individual who plays professional baseball for the Boston Red Sox baseball club, and who earns substantial compensation in this District as a result of the fact that his team plays between nine and thirteen games per season at Yankee Stadium in the Bronx. David Ortiz is, upon information and belief, part owner of the Infringing Company, which operates the Infringing Website, a fully-interactive

website accessible in this District. At all times relevant to this Complaint, David Ortiz had knowledge of the infringing activity of the Infringing Company, and induced, caused or materially contributed to the infringing activity of the Infringing Company.

9. Defendant Albania Rosa Arias Ortiz ("Albania Ortiz") is, upon information and belief, an individual who resides in the Dominican Republic and part-owner of the Infringing Company, which operates the Infringing Website, a fully-interactive website accessible in this District. At all times relevant to this Complaint, Albania Ortiz had knowledge of the infringing activity of the Infringing Company, and induced, caused or materially contributed to the infringing activity of the Infringing Company.

10. Defendant A. Ortiz C. por A. (the "Infringing Company") is a Dominican *compania por acción*, with an address of Avenida Isabel Aguiar #257, Herrera, Santo Domingo, Dominican Republic. The Infringing Company operates a nightclub under the name "Forty Forty" at that address. The Infringing Company also operates the Infringing Website, a fully-interactive Internet website through which Internet users situated in this District can purchase advertising space and subscribe to publications disseminated by the Infringing Company.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1367 because the action involves claims arising under the Lanham Act and trademark laws of the United States and related claims under the laws of the State of New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The 40/40 Marks

13. Since its founding in 2003, Plaintiff has been actively engaged in the founding, promotion, and operation of several world-famous nightclubs which utilize the 40/40 Marks in their name and in their marketing activities. Specifically, Plaintiff oversees several subsidiaries which operate businesses known as the "40/40 Club" in several major cities worldwide, including New York, Atlantic City, and Las Vegas.

14. Plaintiff also licenses the 40/40 Marks for use in the operation of nightclubs in additional cities, such as Tokyo and Macau, which are slated to open in the near future.

15. In addition to its nightclub lines of business, Plaintiff also sells and distributes merchandise, including cigars and clothing which prominently feature the 40/40 Marks.

16. Plaintiff owns common law rights and United States federal registrations in the following 40/40 trademark and service marks (collectively, the "40/40 Marks"):

| Mark | Registration/ Application No. | Services | Registration/ Application Date |
|---|---|---|---|
| 40/40 | 3,157,149 | Jackets shirts, hats. Cigars. Restaurant and bar services; catering. | October 17, 2006 |
| 4040 CLUB | 2,940,829 | Shirts, hats, jackets. Cigars. Restaurant and bar services; catering. | April 12, 2005 |

These registrations are valid and subsisting, unrevoked, and uncancelled. Copies of the Certificates of Registration for the registered marks listed above are annexed hereto as Exhibit A.

**The 40/40 Marks Enjoy**
**Worldwide Fame and Renown**

17.  As a result of Plaintiff's long and continuous use, the 40/40 Marks have come to identify the Company's goods and services and distinguish them from those of others, and have come to represent and symbolize substantial goodwill belonging exclusively to Plaintiff.

18.  Over the many years that Plaintiff has owned and used the 40/40 Marks, Plaintiff has expended substantial effort in marketing and promoting its services under the 40/40 Marks to ensure that the 40/40 Marks remain both famous and strongly identified with Plaintiff's nightclubs and merchandise. For example, Plaintiff actively seeks out national and international media coverage of the nightclubs both in print and broadcast media outlets. Such coverage is augmented by the fact that the 40/40 Clubs frequently host events for A-list celebrities, including:

- Hip-hop Mogul Jay-Z, a part-owner of the Plaintiff
- Singer & actress Beyonce
- Singer & actress Mariah Carey
- Baseball star Alex Rodriguez
- Supermodel Naomi Campbell
- Basketball star Vince Carter
- Baseball star Johnny Damon
- Baseball star Alfonso Soriano

Most of those events generated widespread publicity for Plaintiff's nightclub business, which, in turn, increased the fame and renown of the 40/40 Marks.

19. As a result of Plaintiff's marketing and promotion strategy, the 40/40 Marks have been featured on several well-known national television news and entertainment shows, including:

- Access Hollywood
- Extra
- Inside Edition
- Entertainment Tonight
- The Big Idea, a nightly talkshow on international cable network CNBC
- MTV's *Total Request Live*
- The MTV Video Music Awards
- Dozens of features on local news in New York City, the largest television market in the United States

20. The print media have also frequently made reference to the 40/40 Marks in their discussions of Plaintiff's nightclubs and merchandise. The 40/40 Marks have been prominently featured in mainstream entertainment magazines, including:

- *Vanity Fair*
- *Forbes*
- London-based *OK!* Magazine
- *People*
- *Us Weekly*
- *Star* Magazine
- *Haute Living*
- *Playboy*
- The San Francisco Examiner
- The New York Post
- The New York Daily News
- Newsday (New York)
- *Life and Style*
- *New York* Magazine
- Zagat's New York City Restaurants
- *XXL* Magazine
- *Life* Magazine
- FoxNews.com

21. Plaintiff also expends substantial funds to operate an Internet website at www.the4040club.com. The website advertises Plaintiff's goods and services and offers many items of 40/40-branded merchandise for sale online.

22. Plaintiff also operates a website on the Internet at <http://the4040club.com>, which promotes the 40/40 brand and which Plaintiff expends substantial sums to operate. A true and correct copy of an image of the home page of Plaintiff's website as it appeared in April 2010 is annexed hereto as Exhibit B.

23. As a result of its substantial promotional investments of time and effort, Plaintiff has developed an enormously valuable interest in the now-famous 40/40 Marks.

24. Plaintiff leverages its interest in the 40/40 Marks to generate tens of millions of dollars in annual revenue.

25. Simply put, the success of Plaintiff's branding and marketing efforts over several years has made the 40/40 Clubs famous and has caused the 40/40 Marks to gain a level of fame and renown that cannot be questioned.

**David Ortiz Visited
The 40/40 Club in Manhattan
Prior to Creating the Infringing Website**

26. Indeed, the 40/40 brand is so famous and so well-regarded that it has drawn Defendant David Ortiz, the famous baseball player for the Boston Red Sox, to visit the 40/40 Club on 25th Street in Manhattan.

27. Ortiz has repeatedly been photographed at the 40/40 Club on 25th Street in Manhattan and has visited the 40/40 Club. Photographs of Ortiz attending a MLB All-Star Game celebration at the New York 40/40 Club in 2006 are annexed hereto as Exhibit C.

**Defendants Create the Infringing Website
Using the 40/40 Marks Without Consent**

28. More than two years after Ortiz was photographed partying at the 40/40 Club in Manhattan, the Defendants opened a nightclub in the Spanish-speaking Dominican Republic and named their establishment "Forty Forty," in English.

29. Furthermore, on July 25, 2009, Defendants registered the Infringing Website to advertise the Infringing Forty/Forty Club.

30. Specifically, Defendants have created and administer an Internet website at the Uniform Resource Locator ("URL") <http://www.fortyforty.net> (the "Infringing Website").

31. Upon information and belief, including a WHOIS search on the Network Solutions website, the domain name www.fortyforty.net was created on July 25, 2009 and is administered by Imagenes Dominicanas, Don Ramon 27, La Cienaga K14 Autop. Duarte, Santo Domingo, Dominican Republic. Upon information and belief, the aforesaid administrator is an agent of one or more Defendants.

32. The home page of the Infringing Website displays a large graphic element depicting the English-language words:

**FORTY
FORTY**

in large-font capital letters. The remainder of the Infringing Website is written in Spanish. A printed image of the home page of the Infringing Website as it appeared in April 2010 is annexed hereto as Exhibit D.

33. The home page also displays a scrolling banner at the top of the screen which says "Forty Forty El Mejor Ambiante Del Caribe," which translates as "Forty Forty, the Best Ambiance in the Caribbean."

34. The Infringing Website displays five "tabs" which permit an Internet user to navigate to five separate web pages within the Infringing Website. The tabs are labeled as follows:

- "Home" (written in English)
- "40-40"
- "Actividades" (Spanish for "Activities" or "Events")
- "Bonches" (Spanish for "Uploads")
- "Nuestra Club" (Spanish for "Our Club")

35. Each of these five tabbed web pages within the Infringing Website blatantly trades on the goodwill and fame that Plaintiff has built up over seven years of use of the 40/40 Marks in the operation of The 40/40 Club locations around the world.

36.     For example, the webpage accessible by the "40/40" tab (located at < http://www.fortyforty.net/historia.php>) contains the following text:

| **Text of Infringing Website** | **English Translation** |
|---|---|
| Forty Forty...El Comienzo!<br><br>Abre sus puertas el 25 de octubre, ubicada en la avenida Isabel Aguiar No. 257, de Herrera.<br><br>40-40 es una mezcla de ambientes para el disfrute y confort de sus cliente, donde pueden disfrutar de la tranquilidad de la terraza o de la alegría de la discoteca, con facilidades disponibles para que la fiesta no pare nunca.<br><br>Es un espacio diferente que mezcla el buen gusto con la más alta tecnología disponible actualmente en el Caribe.<br><br>Dentro de las facilidades que ofrecemos al público en general, tenemos una amplia terraza donde el ambiente se torna más tranquilo y acogedor, un espacioso interior bailable; nuestra discoteca, donde podrán disfrutar del más variado repertorio musical disponible en la actualidad, dos bares con la más fina selección de bebidas nacionales e internaciones, así como de exclusivas áreas VIP, para cuando nuestro consumidor requiera de un ambiente más privado.<br><br>Ven y vive la experiencia, descubre el mejor ambiente del Caribe. | Forty Forty ... The Beginning!<br><br>It will open its doors on October 25, located on Avenida Isabel Aguiar No. 257, de Herrera.<br><br>40-40 is a mixture of settings for the enjoyment and comfort of its customers, where they can enjoy the tranquility of the terrace or the joy of the discotheque, with facilities available so that the party never ends.<br><br>It is a different space that mixes good taste with the most advanced technology currently available in the Caribbean.<br><br>Among the facilities that we offer to the general public, we have a large terrace where the ambiance is relaxed and friendly, a spacious interior dance floor, our discotheque, where you can enjoy the most varied musical selection available today, two bars with finest selection of domestic and international drinks as well as exclusive VIP areas, for when our customer requires a more private setting.<br><br>Come and live the experience, discover the best ambiance in the Caribbean. |

A true and correct copy of a printout of the "40/40" tab of the Infringing Website as it appeared in April 2010 is annexed hereto as Exhibit E.

37.     The "Bonches" tab permits Internet users anywhere to upload their own content onto the Infringing Website. As of April 2010, the "Bonches" web page stated that it had been

viewed more than 38,000 times. A true and correct copy of a printout of the "Bonches" tab of the Infringing Website as it appeared in April 2010 is annexed hereto as Exhibit F.

38. Notably, the "Home" tab also contains advertising space which Defendants sell to third-party Internet users, who can use Defendants' Infringing Website to display their own advertisements, in the manner of a "banner advertisement."

39. Furthermore, the "Nuestra Club" ("Our Club") (located on the Internet at <http://www.fortyforty.net/contacto.php>) tab solicits email addresses and contact information of Internet users by asking them to "Unete a nuestro Club," which translates roughly as "Join our Club." The web page displays fillable fields for the user to enter his or her contact information (including an email address) and a large field for "Comentarios," or Comments. Upon information and belief, such information is used to disseminate Defendants' publications to Internet users as part of Defendants' effort to advertise and sell Defendants' goods and services. A true and correct copy of a printout of the "Nuestra Club" tab of the Infringing Website as it appeared in April 2010 is annexed hereto as Exhibit G.

40. Defendants do not, and did not ever, have Plaintiff's permission to use the 40/40 Marks on the Infringing Website or in any other endeavor.

**FIRST CLAIM FOR RELIEF**
**(Lanham Act Trademark Infringement, 15 U.S.C. § 1114)**

41. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

42. Plaintiff is the owner of two federal trademark registrations for the 40/40 Marks.

43. By acquiring the registration for the 40/40 Marks and by its extensive use and promotion of the 40/40 Marks, Plaintiff has established a strong association in the public mind between the 40/40 Marks and the goods and services offered by Plaintiff.

44. Without Plaintiff's authorization or consent, Defendants have used the 40/40 Marks and/or marks that are confusingly similar to the 40/40 Marks to promote and generate publicity for Defendants' own goods and services.

45. Defendants' acts of offering goods and services using the 40/40 Marks, upon information and belief, have caused actual confusion, mistake and deception among relevant consumers as to endorsement and sponsorship of Defendants' goods and services and have deceived the relevant public into initially and generally believing that Defendants' goods and services are associated with or are otherwise endorsed, sponsored or authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

46. Defendants' unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' acts have been willful, deliberate and intended to benefit Defendants at Plaintiff's expense.

48. Plaintiff has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

49. However, Plaintiff has no adequate remedy at law to compensate them fully for the damages that have been caused by Defendants' unlawful acts and which would be caused by

any further infringement of Plaintiff's 40/40 Marks by Defendants, unless future unlawful acts and infringements of this kind are enjoined by this Court.

50. This is an exceptional case under 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF
(Lanham Act False Designation of Sponsorship, 15 U.S.C. § 1125(a))

51. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

52. In connection with the Infringing Website, Defendants have made false or misleading descriptions of fact, or false or misleading representations of fact, which have caused, and are causing confusion, causing mistake, and are deceiving as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the sponsorship or approval of Defendants' goods, services, or commercial activities by Plaintiff.

53. Defendants' statements are material, are either literally false or, while not literally false, are implicitly false and are likely to mislead confuse, or deceive consumers and were made in order to entice consumers to purchase Defendants' products.

54. Defendants' false or misleading descriptions of fact and false or misleading representations of fact are likely to damage Plaintiff by making representations of fact likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the sponsorship or approval of Defendants' goods, services, or commercial activities by Plaintiff.

55. By reason of the foregoing, Defendants have violated and is continuing to violate Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

56. Defendants' conduct is willful and deliberate and done with the intent to unfairly commercially benefit from its false statements at Plaintiff's expense.

57. Defendants' conduct is causing immediate and irreparable injury to Plaintiff and to the goodwill and reputation of the 40/40 Marks, and will continue both to damage Plaintiff and deceive the public unless enjoined by the Court.

58. Plaintiff has no adequate remedy at law.

59. This is an exceptional case under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Violation of Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d))

60. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

61. Defendants are the registrant of the domain name www.fortyforty.net or are authorized licensees of the registrant.

62. Each of the 40/40 Marks was distinctive and/or famous at the time of the registration of the domain name used by Defendants.

63. Defendants have registered, trafficked in, or used a domain name that is identical to and/or is confusingly similar to and/or is dilutive of one or both of the 40/40 Marks.

64. Defendants had, and continue to have, a bad faith intent to profit from their use of the 40/40 Marks in the manner described herein.

65. Plaintiff has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

66. This is an exceptional case under 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF
(Injunctive Relief under General Business Laws § 360-*l*
Injury to business reputation; dilution)

67. Plaintiff restates and re-alleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

68. Plaintiff's 40/40 Marks have acquired secondary meaning and are distinctive.

69. Defendants' use of the 40/40 Marks on the Infringing Website dilutes the marks because it blurs their distinctiveness. Defendants' use of the 40/40 Marks will cause the marks to lose their ability to serve as a unique identifier of the Plaintiff.

70. Defendants' use of the 40/40 Marks on the Infringing Website also tarnishes the marks by associating the marks with inferior goods to those offered by Plaintiff within the industry of high-end fashion.

71. Defendants' unauthorized use of the 40/40 Marks on the Infringing Website causes dilution of the marks in violation of N.Y.G.B.L. § 360-1.

72.     Defendants' wrongful conduct on the Infringing Website has caused and/or will cause irreparable harm to Plaintiff if not enjoined, for which Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

73.     Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

74.     Defendants have benefited from their unlawful use of the 40/40 Marks because they have derived substantial revenue from the use of the Marks in the operation of the Infringing Website, which uses one or both of the 40/40 Marks as part of its domain name.

75.     Plaintiff demands that Defendants provide Plaintiff with an accounting of all revenues and profits earned by Defendants as a result of the infringing use of the 40/40 Marks.

76.     As an alternate basis for recovery, it would be against equity and good conscience to allow Defendants to retain the substantial revenues and profits he has realized through his blatantly unlawful use of the 40/40 Marks.

77.     Defendants have been unjustly enriched by their unlawful use of the 40/40 Marks.

78.     Plaintiff lacks an adequate remedy at law.

## JURY DEMAND

79. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of all issues triable by right by jury.

**WHEREFORE,** Plaintiff demands judgment:

A. On the First, Second, Third, and Fifth Claims for Relief, awarding Plaintiff monetary damages in an amount to be determined at trial, which are presently believed to exceed $5 million, as well as interest at the statutory rate;

B. On the First, Second, Third, and Fourth Claims for Relief, preliminarily and permanently enjoining Defendants from using the 40/40 Marks on the Internet in any manner violative of state or federal law, including without limitation on the Infringing Website;

C. On the First, Second, Third, and Fourth Claims for Relief, awarding Plaintiff costs and attorneys' fees incurred in bringing this action, including without limitation pursuant to 15 U.S.C. § 1117 and/or pursuant to New York General Business Law ;

D. On the Third Claim for Relief, ordering Defendants to forfeit and transfer the domain name of the Infringing Website to Plaintiff;

E. Awarding such other and further relief in favor of Plaintiff as this Court deems just, proper, and equitable.

Dated: April 15, 2010
New York, New York

REED SMITH LLP

By: /s/ Peter D. Raymond
Peter D. Raymond
Wallace Neel
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*